<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-1327**

SHERIA BANKS,

             Plaintiff - Appellant,

      v.

WILLIAM WATSON, Sheriff,

             Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Robert G. Doumar, Senior District Judge.  (2:10-cv-00227-RGD-FBS)

Submitted:  November 29, 2011     Decided:  December 14, 2011

Before KING and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Henry E. Howell, III, THE EMINENT DOMAIN LITIGATION GROUP, P.L.C., Norfolk, Virginia, for Appellant.  Jeff W. Rosen, Lisa Ehrich, PENDER & COWARD, PC, Virginia Beach, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sheria Banks appeals the district court's order granting summary judgment for the Defendant in her action alleging employment discrimination in violation of 42 U.S.C. § 1981 (2006). Johnson v. Railway Express Agency, Inc., 421 U.S. 454, 459-60 (1975). Banks alleged that she was a victim of disparate treatment in discipline on the basis of her race when she was terminated from her position. Cook v. CSX Transp. Corp., 988 F.2d 507, 511 (4th Cir. 1993). The district court found that Banks failed to identify proper comparators to show that she was treated differently than employees outside her protected class, as required to establish a prima facie case of discrimination. Id.

We review de novo a district court's grant of summary judgment applying the same standard as did the district court. Laber v. Harvey, 438 F.3d 404, 415 (4th Cir. 2006). We have reviewed the record and find no reversible error. Accordingly, we affirm for the reasons stated by the district court. Banks v. Watson, No. 2:10-cv-00227-RGD-FBS (E.D. Va. filed Apr. 4; entered Apr. 5, 2011). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

2